573 A.2d 42

**Kenneth C. HAUGHTON**

v.

**Catherine M. HAUGHTON.**

**No. 77, Sept. Term, 1989.**

Court of Appeals of Maryland.

May 9, 1990.

John Burkhardt (Saiontz & Kirk, P.A., both on brief), Baltimore, for appellant.

No argument on behalf of appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE and ADKINS, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired), Specially Assigned.

RODOWSKY, Judge.

Appellant, Kenneth C. Haughton (Kenneth), and appellee, Catherine M. Haughton (Catherine), were divorced by decree of the Circuit Court for Baltimore City dated May 28, 1987. Incorporating a provision of the marital settlement agreement between the parties, that decree ordered Kenneth to pay certain joint, consumer credit debts of Kenneth and Catherine. Kenneth failed to do so, resulting in a judgment ordering his imprisonment for civil contempt. Because that order violates the Maryland constitutional prohibition against imprisonment for debt, we shall reverse.

By the fourth paragraph of the divorce decree, the court

"ORDERED that the defendant, Kenneth C. Haughton, by agreement of the parties, assume responsibility for the following: (a) Choice [account number] approximate balance $1,656.20; (b) Maryland National [account number] approximate balance $2,298.46; (c) First Omni Master-Charge [account number] [sic] a VISA [account number] total approximate debt $1,910.45."

Catherine relinquished, pursuant to the decree, any right to use these accounts.

The record does not reflect when Kenneth ceased making installment payments on one or more of these accounts. In any event the circuit court, spurred by a pro se letter from Catherine who was being pressed by those creditors, issued an order for Kenneth to show cause why he should not be found in contempt. After having granted Kenneth two extensions, the court (Kenneth Lavon Johnson, J.) on January 27, 1989, ordered Kenneth held in contempt of the May 28, 1987, order. Judge Johnson's order further provided that Kenneth could purge himself of the contempt by paying directly to Catherine $3,000 "to be applied pursuant to Paragraph 4 of the May 28, 1987 Order."

Kenneth, on January 30, 1989, filed a voluntary petition for bankruptcy. The next day he petitioned the Circuit Court for Baltimore City for a writ of habeas corpus. That petition was assigned for hearing to Judge Elsbeth Levy Bothe. Judge Bothe granted the writ and, after expressing reservation over the use of habeas corpus in lieu of a direct appeal, ordered Kenneth released. She reasoned that Judge Johnson's order did not on its face reflect a finding of Kenneth's ability to pay, and she was satisfied that Kenneth was unable to pay.

Approximately two weeks later, on February 24, Catherine filed another pro se petition in the divorce action, reciting that she had been sued by one of the creditors and that she had submitted to a judgment by consent under which the creditor agreed to forebear a wage garnishment. Kenneth was again ordered to show cause. At a hearing on March 16 Judge Johnson observed that he had previously

found Kenneth able to pay. The court orally ruled that Kenneth was in contempt and remanded him to custody under the January 27 order.

Entry of judgment on the docket based on the March 16 ruling was deferred until March 28. That same date the court also ordered Kenneth's release from custody on his own recognizance and ordered a stay of further contempt proceedings pending this appeal.[1]

We issued the writ of certiorari on our own motion prior to consideration of Kenneth's appeal by the Court of Special Appeals. Catherine has not filed any brief or otherwise appeared in this Court. Kenneth's brief raises a number of issues, but the first issue, resting on the constitutional prohibition against imprisonment for debt, is dispositive.[2]

Maryland Constitution, Art. III, § 38 declares:

"No person shall be imprisoned for debt, but a valid decree of a court of competent jurisdiction or agreement approved by decree of said court for the support of a spouse ... or for alimony (either common law or as defined by statute), shall not constitute a debt within the meaning of this section."

Paragraph four of the parties' divorce decree, requiring Kenneth to pay certain then outstanding debts of the parties, is not an order for support or alimony within the exceptions to the prohibition of § 38. In *McAlear v. McAlear*, 298 Md. 320, 469 A.2d 1256 (1984), a divorced woman contended that her former husband could be imprisoned for contempt in failing to pay a monetary award as

---

1. Kenneth noted his appeal on March 20. Pursuant to Maryland Rule 8–602(d) the notice of appeal is treated as filed on March 28, 1989, after entry on the docket pursuant to Rule 2–601(b) of the judgment on that date.

2. We find no indication that Kenneth raised this issue in the trial court so that Judge Johnson did not address it in his memorandum opinion explaining the ruling at the March 16 hearing. It is, nevertheless, desirable to decide the issue in order to guide the trial court. *See* Maryland Rule 8–131(a).

adjudged by a circuit court under present Md.Code (1984, 1989 Cum.Supp.), § 8–205 of the Family Law Article (FL). The particular award to the former spouse in *McAlear* was payable in installments. The duty on the former husband to pay the award arose by a combination of the statutory authorization and the application of judicial discretion to the facts in that case. Judge Davidson, writing for the Court in *McAlear,* concluded from an historical review of alimony in Maryland in comparison with FL, Title 8, Subtitle 2, "Property Disposition in Annulment and Divorce," that a monetary award is not a form of alimony enforceable by imprisonment for contempt.

In the instant matter, the original and underlying duty to pay the credit grantors named in the divorce decree lay in contracts between those respective credit grantors on the one hand and Kenneth and Catherine on the other. The couple's liability is presumably joint and several. Kenneth's several obligation was to pay the respective creditors, not to pay Catherine. It appears that Kenneth's duty to pay Catherine arises from a promise in a marital settlement agreement and that the circuit court incorporated that promise in the divorce decree.[3] The court could not modify the balance on any particular account owing by Kenneth to the credit grantor. Catherine could not use any of the accounts after the divorce. The account balances to be paid by Kenneth bear no direct relation to any ongoing needs of Catherine for support and maintenance as would, for example, payments relating to use and possession of a family home which a spouse might be ordered to pay pursuant to FL § 8–208.[4] Despite incorporation in the divorce decree, Kenneth's obligation remained a debt in the classic sense and was not converted into an alimony or support obligation

---

3. The marital settlement agreement is not part of the record on this appeal. The fourth paragraph of the divorce decree, however, recites that that provision is "by agreement of the parties."

4. Actually Catherine and Kenneth waived their rights to alimony, as reflected by paragraph two of the divorce decree.

within the exception to § 38's bar against imprisonment for debt.

JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY REVERSED.  COSTS TO BE PAID BY APPELLEE.